UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 7, 2013

LETTER TO COUNSEL:

    RE:    *Dana Lynn Casey-Kriechbaum v. Commissioner, Social Security Administration*;
            Civil No. SAG-11-320

Dear Counsel:

    On February 4, 2011, the Plaintiff, Dana Lynn Casey-Kriechbaum, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income.  (ECF No. 1).  I have considered the parties' cross-motions for summary judgment.  (ECF Nos. 18, 24).  I find that no hearing is necessary.  Local Rule 105.6 (D. Md. 2011).  This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards.  42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion.  This letter explains my rationale.

    Ms. Casey-Kriechbaum filed her claim on January 18, 2008, alleging disability beginning on December 23, 2007.  (Tr. 90-99).  Her claim was denied initially on April 28, 2008, and on reconsideration on September 15, 2008.  (Tr. 50-53, 55-56).  A hearing was held on May 4, 2009 before an Administrative Law Judge ("ALJ").  (Tr. 21-47).  Following the hearing, on August 12, 2009, the ALJ determined that Ms. Casey-Kriechbaum was not disabled during the relevant time frame.  (Tr. 9-20).  The Appeals Council denied Ms. Casey-Kriechbaum's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Casey-Kriechbaum suffered from the severe impairments of functional psychotic disorder and affective disorder.  (Tr. 14).  Despite these impairments, the ALJ determined that Ms. Casey-Kriechbaum retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but is limited to:  simple work involving a routine; work that is goal-directed rather than requiring a production-rate pace; and work requiring her to have no greater than occasional interaction with others. She can tolerate few, if any, changes in the workplace environment.

(Tr. 17).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that

*Dana Lynn Casey-Kriechbaum v. Commissioner, Social Security Administration*
Civil No. SAG-11-320
February 7, 2013
Page 2

Ms. Casey-Kriechbaum could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 19-20).

On appeal, Ms. Casey-Kriechbaum argues that the ALJ did not adequately apply the special technique to evaluate mental impairments, and that the ALJ failed to consider all of the evidence supporting a finding of disability. Neither argument is persuasive.

The required "special technique" for evaluating the severity of mental impairments is set forth in 20 C.F.R. § 404.1520a; *Rabbers v. Comm'r of the Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009); *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (citing *Schmidt v. Astrue*, 496 F.3d 833, 844 n.4 (7th Cir. 2007)). The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he or she] ha[s] a medically determinable mental impairment(s)." 20 C.F.R. § 404.1520a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas. *Id.* § 404.1520a(b)(2), 404.1520a(c). The ALJ must document the application of the technique in the hearing decision, incorporating pertinent findings and conclusions, and documenting the significant history and functional limitations that were considered. *Id.* § 404.1520(e)(2).

The ALJ appropriately applied the special technique in Ms. Casey-Kriechbaum's case, and supported his assessments with substantial evidence. The ALJ found mild restriction of activities of daily living, and moderate difficulties in the areas of social functioning and maintaining concentration, persistence, or pace. (Tr. 16). The ALJ further found one or two episodes of decompensation. *Id.* Although the ALJ did not follow the best practice of summarizing the evidence in each of the four functional areas immediately following the degree of functional limitation, the ALJ's opinion contains sufficient analysis to allow me to review the basis for his findings. For example, the ALJ, elsewhere in the opinion, addressed Ms. Casey-Kriechbaum's activities of daily living, (Tr. 17), her social interaction and functioning, *id.,* and her concentration, persistence, and pace. (Tr. 16). Moreover, throughout his opinion, the ALJ noted the correlation between Ms. Casey-Kriechbaum's non-compliance with her medications and the emergence of more significant symptoms. (Tr. 14-15, 16, 18). *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that if a symptom can be reasonably controlled by medication or treatment, it is not considered disabling). Although Ms. Casey-Kriechbaum has a history of episodes of decompensation dating back to 2001 (largely coinciding with periods of non-compliance with treatment), almost all of those periods predate the alleged onset date of December 23, 2007. *See, e.g.,* (Tr. 392-94) (records of hospitalization in July, 2001); (Tr. 387-89) (records of hospitalization in August, 2001); (Tr. 560-62) (records of hospitalization in March, 2002); (Tr. 456-63) (records of hospitalization in October, 2002); (Tr. 373-75) (records of hospitalization in June, 2005); (Tr. 354-60) (records of hospitalization in September, 2007); (Tr. 318-24) (records of hospitalization in November, 2007). As a result, the ALJ did not err in finding only one or two episodes of decompensation during the relevant period. The medical evidence of record shows that, after the alleged onset date, Ms. Casey-Kriechbaum was "doing well" (Tr. 550-55) until February 5, 2009, when she conceded that she had been non-compliant by "skipping the Risperdal." (Tr. 677).

Moreover, I disagree with Ms. Casey-Kriechbaum's assertion that the ALJ failed to consider all relevant evidence. The ALJ expressly considered her lengthy history of short-term work endeavors, and noted, "[i]t appears that the claimant has had difficulties keeping jobs in the past because performance of the necessary tasks required a level of functioning that is above her level of abilities, given her mental impairments." (Tr. 16). The ALJ addressed that issue, and her issues with concentration, persistence, and pace, by restricting her to unskilled, routine work. In addition, the ALJ considered her difficulties with social functioning, and addressed those issues by including a restriction in the RFC to "no greater than occasional interaction with others." (Tr. 17). Ms. Casey-Kriechbaum has not established that the ALJ failed to consider relevant evidence.

The ALJ cited to substantial evidence supporting his ultimate determination, including treatment notes showing progressively improved signs with mental health treatment, GAF scores of 55, and Ms. Casey-Kriechbaum's part-time job completing surveys for the Census Bureau. (Tr. 17). The analysis demonstrates a complete consideration of the medical evidence relating to Ms. Casey-Kriechbaum's impairment. Accordingly, I find no basis for remand.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 18) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 24) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                    Sincerely yours,

                                    /s/

                                  Stephanie A. Gallagher
                                  United States Magistrate Judge